IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

ROBERT G. FURST,

        Plaintiff,

    vs.

GERALD K. SMITH, as Personal Representative of the ESTATE OF SCOTT M. COLES; ASHLEY M. COLES; CHRISTOPHER OLSON and JANE DOE OLSON,

        Defendants.

---

JAMES CORDELLO, trustee of the Mortgages Ltd. 401(k) Plan,

        Plaintiffs,

    vs.

MICHAEL DENNING; JANE DOE DENNING; GERALD K. SMITH, as Personal Representative of the ESTATE OF SCOTT M. COLES; CHRISTOPHER OLSON; and JANE DOE OLSON,

        Defendants.

**NO. 2:09-cv-02336-JWS**
**NO. 2:11-cv-01651-JWS**

**ORDER AND FINAL JUDGMENT**

**(Assigned – Honorable John W. Sedwick)**

This Order concerns the settlement ("Settlement") of this litigation (the "Action") involving claims for alleged violations of the Employee Retirement Income

Security Act of 1974, as amended, 29 U.S.C. §§ 1001, et seq. ("ERISA") with respect to the Mortgages Ltd. 401(k) Plan (the "401(k) Plan" or the "Plan").[1]

On August 9, 2012 (ECF No. 110), the Court entered its Order Preliminarily Approving Settlement, Certifying Class, Approving Form of Notice, and Setting Fairness Hearing ("Preliminary Approval Order"). The Court has received declarations attesting to the mailing of the Notice and publication of the Publication Notice in accordance with the Preliminary Approval Order.  This matter came before the Court for a hearing on October 23, 2012, (the "Final Approval Hearing"), pursuant to the Preliminary Approval Order of this Court entered on August 9, 2012, on the application of the Parties for approval of the Settlement set forth in the Settlement Agreement.

Before the Court are:  (1) Named Plaintiffs' Motion for Final Approval of Settlement, for Settlement Class Certification, and for approval of Plan of Allocation ("Final Approval Motion"); and, (2) Named Plaintiffs' Motion for Award of Attorneys' Fees and Expenses and Named Plaintiff's Case Contribution Award ("Fee and Expense Motion").

Due and adequate notice having been given to the Settlement Class as required in the Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefor, IT IS ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.      The Court has jurisdiction over the subject matter of this Action and all parties thereto pursuant to 29 U.S.C. § 1132(e), including all members of the Settlement Class.

_____

[1] All capitalized terms used in this Final Order and not defined herein, shall have the meanings assigned to them in the Settlement Agreement submitted to the Court on July 24, 2012 (ECF No. 104-1) (the "Settlement Agreement").

2.     The Settlement Class is certified as a non-opt-out class under Fed. R. Civ. P. 23(b)(1)(B) for settlement purposes only.

3.     Notice of the Settlement was mailed to Settlement Class Members on August 23, 2012 as directed by the Court's Preliminary Approval Order.

4.     On August 24, 2012, a copy of the Publication Notice was published in the Arizona Republic in accordance with the Settlement Agreement and the Court's Preliminary Approval Order.

5.     On August 24, 2012, in accordance with the Court's Preliminary Approval Order, the Notice and Settlement Agreement were posted on www.kellersettlements.com/mortgagesltd.

6.     The Notice and the Publication Notice fully informed Settlement Class Members of their rights with respect to the Settlement, including the right to object to the Settlement, and of Class Counsel's application for an award of attorneys' fees, reimbursement of expenses and for payment of a case contribution award to the Named Plaintiff, all from the Settlement Fund.

7.     The Notice and Publication Notice collectively met the statutory requirements of notice under the circumstances, including the individual notice to all members of the Settlement Class who could be identified through reasonable effort, and fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.  The Parties have complied fully with the notice provisions of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

8.     The Settlement was negotiated at arm's-length by experienced counsel who were fully informed of the facts and circumstances of the action and of the strengths and weaknesses of their respective positions, and with the assistance of United States Magistrate Judge David Duncan as a mediator.

9.      The proposed Settlement warrants final approval because it is fair, adequate, and reasonable to the Parties, the 401(k) Plan, and the Settlement Class based upon: (1) the complexity, expense and likely duration of the litigation; (2) the reaction to the Settlement of the Settlement Class; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the range of reasonableness of the Settlement Amount in light of the best possible recovery and the risk of no recovery; and (7) the range of reasonableness of the Settlement Amount to a possible recovery in light of all the attendant risks of litigation.

10.      The Court finds that the Settlement is fair, reasonable, and adequate as to each member of the Settlement Class, the Parties, the Plan, and in the public interest, and that the settlement is either: (a) not a prohibited transaction under ERISA; or (b) is exempt from ERISA's prohibited transaction provisions pursuant to applicable law or rules.

11.      The Final Approval Motion is GRANTED, and the Settlement is hereby APPROVED in all aspects.  The Settling Parties are directed to implement the Settlement in accordance with the terms of the Settlement Agreement, including the Trustees and the Plan are directed to perform the Offsets of Coles' Account Balance pursuant to ERISA § 206(d)(4) as set forth in Section 7.4 of the Settlement Agreement, all subject to Section 9 of the Settlement Agreement.

12.      Within five (5) business days from the entry of this Order, the Westchester Insurance Company shall deposit the Settlement Cash Payment into the Settlement Fund.

13.      Class Counsel are hereby awarded attorneys' fees of $750,000 and expenses of $39,520.43.  Such award shall be payable from the Settlement Fund in accordance with the terms of the Settlement Agreement.

4

14.     Named Plaintiff Robert Furst is hereby awarded a Case Contribution Award in the amount of $1,000 and shall be paid pursuant to the Settlement Agreement.

15.     Without affecting the finality of this Judgment in any way, this Court retains jurisdiction over the Action, the Parties, the Plan and the Settlement Class for all matters relating to the implementation, interpretation, and enforcement of the Settlement Agreement, this Order and Final Judgment, and any application for fees and expenses incurred in connection with future actions necessary to fully consummate the Settlement and distribute the proceeds thereof.

16.     Without further order of the Court, the Parties may agree in writing to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

17.     The Action and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice as to the Named Plaintiffs, the Settlement Class Members, and the Plans, and as against the Released Parties.  The Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement.

18.     The Settling Plaintiffs, on behalf of themselves, the Plan and the Settlement Class, are deemed to have, and by operation of this Order and Judgment shall have, absolutely and unconditionally released and forever discharged the Releasees from the Released Claims.

19.     All members of the Settlement Class are hereby forever barred and enjoined from prosecuting the Released Claims against Releasees, either derivatively or on behalf of themselves, or through any person purporting to act on their behalf or purporting to assert a Released Claim under or through them, in any forum, action or proceeding of any kind.

5

20.     The Court finds that the Settlement is fair, just, reasonable, and adequate as to each member of the Settlement Class, and that the Settlement Agreement, and the Settlement contained therein, is hereby finally approved in all respects, and the Parties are hereby directed to implement the Settlement in accordance with its terms and conditions.

21.     This Order and Judgment shall not be considered or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach or liability and this Court makes no such finding or determination. Neither the Settlement Agreement nor any of the proceedings in connection therewith shall be offered or received in evidence for any purpose, except that Defendants may submit this Final Order and Judgment to support a claim of *res judicata*, collateral estoppel, release or any theory of claim or issue preclusion, or they may submit this Final Order and Judgment in any action to enforce the injunctive provisions of Paragraph 10.

22.     In the event that the Settlement is terminated in accordance with the terms of the Settlement Agreement, then this Judgment shall be null and void to the extent provided and in accordance with the Settlement Agreement and shall be vacated *nunc pro tunc*, and in such event, all orders entered and releases delivered shall be void to the extent provided by and in accordance with the Settlement Agreement and Section 9 of the Settlement Agreement shall govern the rights of the Parties thereto.

23.     Final Judgment shall be entered herein.

DATED this 29th day of October 2012.

/s/  JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE